IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GUIDO BROTHERS CONSTRUCTION CO., INC., § § § Plaintiff, § § V. § OLD REPUBLIC INSURANCE COMPANY § AND AVANTI SYSTEMS USA, LLC, § § Defendants. § | CASE NO. 5:23-cv-00115-DAE |

**ANSWER OF DEFENDANT, AVANTI SYSTEMS USA, LLC**

TO THE HONORABLE DAVID A. EZRA,
UNITED STATES DISTRICT COURT:

Defendant, Avanti Systems LLC ("Avanti"), files this Answer to Plaintiff's Original Petition ("Complaint") and respectfully states:

**A.     Defenses, Admissions and Denials Per FRCP 8(b):**

1.     Now that this case has been removed to this Court, discovery will be controlled according to the Federal Rules of Civil Procedure and this Court's orders rather than the Texas Rules of Civil Procedure as pled in ¶1 of the Complaint.

2.     Avanti lacks knowledge or information sufficient to form a belief about the truth of an allegation in ¶2 of the Complaint.

3.     Avanti lacks knowledge or information sufficient to form a belief about the truth of an allegation in ¶3 of the Complaint.

4.     Upon information and belief, Avanti admits the allegations in ¶4 of the Complaint to the extent Avanti Systems USA LLC is a foreign limited liability company duly formed under the laws of the State of Nevada, with its principal place of business located at 200 Pemberwick Road,

Greenwich, Connecticut 06831.

5. Now that this case has been removed to this Court, Avanti submits that subject matter jurisdiction is determined by this Court's diversity jurisdiction between citizens of different states and venue being proper in this district is determined by the fact that this district is the federal judicial district embracing Bexar County, Texas (the place where the initial state court proceeding originated) per 28 U.S.C. 1441(a) rather than the jurisdiction and venue allegations contained in ¶'s 5 and 6 of the Complaint.

6. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶7 of the Complaint and refers to the document described therein for contents thereof.

7. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶8 of the Complaint and refers to the document described therein for contents thereof.

8. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶9 of the Complaint and refers to the document described therein for contents thereof.

9. Avanti denies the allegations in ¶10 of the Complaint.

10. Avanti denies the allegations in ¶11 of the Complaint.

11. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶12 of the Complaint and refers to the document described therein for contents thereof.

12. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶13 of the Complaint.

13. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶14 of the Complaint and refers to the document described therein for contents thereof.

14. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶15 of the Complaint and refers to the document described therein for contents thereof.

15. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶16 of the Complaint and refers to the document described therein for contents thereof.

16. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶17 of the Complaint and refers to the document described therein for contents thereof.

17. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶18 of the Complaint and refers to the document described therein for contents thereof.

18. Avanti denies the allegations in ¶19 of the Complaint.

19. Avanti denies the allegations in ¶20 of the Complaint and, to the extent that such communication constitutes settlement discussions, they are protected by Federal Rules of Evidence 408.

20. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶21 of the Complaint.

21. Avanti denies the allegations in ¶22 of the Complaint.

22. Avanti denies the allegations in ¶23 of the Complaint.

23. Avanti repeats and reasserts all responses prior to paragraph ¶24 of the Complaint as it fully set forth herein.

24. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶25 of the Complaint and refers all questions of law to the court. Avanti however denies that Guido is entitled to the relief set forth therein.

25. Avanti repeats and reasserts all responses prior to paragraph ¶26 of the Complaint as it fully set forth herein.

26. Avanti admits that it and Surety executed the Bond to Plaintiff but denies the remaining allegations in ¶27 of the Complaint and refers to the document described therein for contents thereof.

27. Avanti denies the allegations in ¶28 of the Complaint.

28. Avanti is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶29 and refers all questions of law to the court.

29. Avanti repeats and reasserts all responses prior to paragraph ¶30 of the Complaint as it fully set forth herein.

30. Avanti admits that Avanti and Surety entered into a valid contract in favor of Plaintiff – the Bond – but denies the remaining allegations in ¶31 of the Complaint.

31. Avanti admits Avanti and Plaintiff entered into a valid contract ("Subcontract") but denies the remaining allegations in ¶32 of the Complaint.

32. Avanti denies the allegations in ¶33 of the Complaint.

33. Avanti denies the allegations in ¶34 of the Complaint.

34. Avanti denies the allegations in ¶35 of the Complaint.

35. Avanti is without knowledge or information sufficient to form a belief as to the truth

of the allegations in ¶36 of the Complaint and refers all questions of law to the court. However, Avanti denies that Plaintiff is entitled to the relief sought therein.

36. Avanti denies the allegations in ¶37 of the Complaint.

37. Avanti denies the allegations in ¶38 of the Complaint.

**B.   Affirmative Defenses Per FRCP 8(c):**

38. Avanti, still relying upon the denials and defenses set forth above, further pleads by way of affirmative defenses:

   i. Avanti asserts all denials, defenses, affirmative or otherwise, including without limitation: (a) the devastating impacts of the COVID-19 world-wide pandemic upon availability of labor and supervision (given mandatory travel restrictions) and availability of materials to perform the work under the Subcontract, (b) prior material breach for failure to timely and properly pay Avanti for amounts due and owing under the Subcontract (*e.g.*, Principal's claim letter dated August 12, 2021 to Plaintiff and its surety), (c) lack of a true and accurate accounting for/reconciliation of and proper credits against any damages claimed by Plaintiff of the unpaid balance of the Subcontract price and inaccurate and unsubstantiated charges by Plaintiff, and (d) compromise, settlement and release of Plaintiff's claim against the Bond or otherwise, in whole or at least in part dated December 14, 2020;

   ii. Plaintiff failed to reasonably mitigate any damages it allegedly incurred due to the alleged defaults of Principal under the Subcontract; and/or

   iii. Compromise, settlement and release of Plaintiff's claim against the Bond in whole or at least in part dated December 14, 2020.

**C.   Counterclaims Per FRCP 13 (1)(A)**

39. On or about September 17, 2019, Plaintiff and Avanti entered into a Subcontract for materials required for the renovation of San Antonio's Historic City Hall ("Project") in the amount of $845,184.85. See Subcontract annexed hereto as **Exhibit A.**

40. The Subcontract price was based on Avanti's original proposal using Project's "Design Documents" ("DD") rather than the "Construction Documents" ("CD").

41. Due to a scope reduction between the two sets of Project documents, Avanti

submitted a revised quote and proposed a credit in the amount of $52,336.25 against the original Contract price ("Revised Subcontract") for review.

42. Plaintiff and Avanti executed and entered into the Revised Subcontract due to the scope reduction on November 25, 2020 with a Revised Subcontract price of $792,848.59.

43. To date Plaintiff has failed to pay the balance on the Revised Subcontract for materials received in the amount $109,716.16.

### D. **Damages**

44. The above acts or omissions have caused loss and damage to Avanti by reason of Plaintiff's default and failure to pay Avanti. All said losses and damages are without justification or excuse on the part of the Plaintiff, and Avanti should recover the amount due pursuant to the Revised Subcontract of $109,716.16, court cost and reasonable attorney's fees.

### E. **Reservation of Rights**

45. Avanti reserves the right to amend this Verified Answer with Counterclaim to assert any additional Affirmative Defenses and/or Counterclaims that may become apparent through discovery or otherwise.

### F. **Prayer**

WHEREFORE, Defendant, Avanti, prays that Plaintiff be cited to appear and answer and, on final trial and prays that this Court enter a judgment that:

(i) Dismisses Plaintiff, Guido Brothers Construction Co., Inc., claims in their entirety;

(ii) Grants actual damages against Plaintiff on the counterclaim in the amount of $109,716.16;

(iii) Grants pre-judgement and post judgement interest at the highest applicable legal rate;

(iv) Grants reasonable and necessary attorney's fees and expenses and cost of court and;

(v)  Grants Avanti such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

Jonathan B. Nelson
Dorf & Nelson LLP
The International Corporate Center
555 Theodore Fremd Avenue, Rye, NY 10580
*Attorneys for Defendant, Avanti Systems LLC*

## Certificate of Service

I hereby certify that on the 21ᵗʰ day of March, 2023, a true and correct copy of the above and foregoing pleading was served via the ECF system and email to the following counsel of record:

Stephanie O'Rourke, Esq.
COKINOS YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
*Attorneys for Plaintiff*

Robert M. Fitzgerald, PC
1219 FM 314
Van, Texas 75790
903-963-7550
903-963-7551 (Fax)
*Attorneys for Defendant Surety*

/s/
Jonathan B. Nelson, Esq